MESTA PARK NEIGHBORHOOD AS-SOCIATION, INC., an Oklahoma non-profit corporation, Appellant,

v.

CONTINENTAL FEDERAL SAVINGS AND LOAN ASSOCIATION, Ron Harmon Homes, Inc., an Oklahoma corporation, and The City of Oklahoma City, a municipal corporation, Appellees.

No. 72066.

Court of Appeals of Oklahoma, Division 1.

June 26, 1990.

Rehearing Denied July 16, 1990.

Thomas J. Daniel, IV, and Matthew. L. Standard, Oklahoma City, for appellant.

Stephen P. Friot, and Larry Glenn Ball, Oklahoma City, for appellee Continental Federal Sav. & Loan Ass'n. and Ron Harmon Homes, Inc.,

Robert D. Allen, Municipal Counselor, Daniel T. Brummitt, Asst. Mun. Counselor, Oklahoma City, for appellee City of Oklahoma City.

Joe E. Edwards, T.P. Howell, and Kent A. Gilliland, Oklahoma City, for FDIC, as managing agent for Resolution Trust Corp., as Conservator for Continental Federal Sav. and Loan Ass'n, F.A.

## OPINION

GARRETT, Presiding Judge:

Mesta Park Neighborhood Association, Inc., (Appellant) sought a temporary injunction against Appellees, Continental Federal Savings and Loan Association (Continental), Ron Harmon Homes, Inc. (Harmon), and the City of Oklahoma City (City), to enjoin the completion of the construction and conversion of existing residential property to a duplex. Appellant alleged such construction is in violation of zoning ordinances requiring single-family dwellings in that area. The trial court issued a temporary restraining order against the Appellees, but later denied the temporary injunction requested by Appellant.

We find oral argument unnecessary and Appellant's motion is denied.

Appellant raises the following issues of error:

(1) The property was being occupied and used as a single family residence on the date Mesta Park was down-zoned from R–3 to R–1, single family residential, and was therefore a conforming use;

(2) The existence of a non-conforming use is determined on the date of the zoning change; and,

(3) the trial court erred by failing to recognize the importance of a property's use and by failing to determine the use of the subject property on the date of the down-zoning.

■ Continental and Harmon contend that Appellant is not entitled to injunctive relief because it had an adequate remedy at law. We disagree. Appeals from municipal decisions to the Board of Adjustment, pursuant to 11 O.S.1981, § 44–109 and the Oklahoma City Municipal Code § 59–7100.2, are to be taken within 30 days from the issuance of a building permit. They contend Appellant's appeal to the Board of Adjustment was filed too late, and that it should not be entitled to take advantage of its lack of diligence by seeking an injunction. However, as the trial judge noted, Appellant did not receive notice of the building permit. Continental and Harmon also contend that Appellant could have appealed from the issuance of a certificate of occupancy, under Municipal Code § 55–7200.3(C). This would place Appellant in the unenviable position of arguing that such certificate should not be issued after allowing the Appellees to spend large sums of money rehabilitating the property. These contentions are without merit.

The property was owned by L.G. Johnson from May, 1958, until July, 1977. Johnson testified the house was a single family residence when he bought it, but that he converted it into a duplex in late 1967. He testified the property was continually used as a duplex from the time it was remodeled until late 1976, which was the last month he received rent from the property as a duplex. He also stated he had a stairway installed outside up the side of the house and had an interior stairway walled off. He also had a kitchen built upstairs and a bathroom downstairs.

The property was sold by Johnson to Bobby Wayne Samara in January, 1977,

and from Samara to Martin D. Duncan in July, 1977. Duncan testified he used the property as a single family dwelling. He lived there from July, 1977, until March, 1986. During that time he began renovating the property. Among other things, he had the plumbing redone in the downstairs portion, tore out the walls, old plaster, and sheet rock out of the first floor, and put in a brick foundation. He also had the inside staircase opened up to be able to use the downstairs plumbing while the second floor bathroom was being rebuilt. He had the sink, stove and cabinet in the downstairs kitchen torn out and put in new plumbing, sheet rock and electrical outlets. However, he never replaced the kitchen downstairs. The only kitchen facility used while Duncan occupied the property was a kitchenette on the second floor. He stated he left the outside staircase on the property because he thought it would make a good fire escape for the three upstairs bedrooms, for his six children, when the remodeling was completed.

Continental became the owner of the property after purchasing it at a foreclosure sale. It contracted with Harmon to rehabilitate the property as a duplex.

A large area of Mesta Park, including the subject property, was rezoned from R–3, which allowed duplexes, to R–1, single family, on May 24, 1983. Duncan and his family were owners and occupiers of the residence at that time.

Also on May 24, 1983, the Mesta Park Urban Conservation District (UCD) was enacted as part of the Oklahoma City Code. With regard to "legally noncomplying use" it provides:

(a) Any use made nonconforming from a change in the zoning district to a lower intensity district shall be considered legally noncomplying.

(b) A legally noncomplying use could be redeveloped or restored for that same use unit without regard to the extent or cause of the damage to the structure or the period of the discontinuance of the use.

Continental and Harmon contend that *Royal Baking Co. v. Oklahoma City,* 182 Okl. 45, 75 P.2d 1105 (Okl.1938) disposes of the instant case in their favor. *Royal Baking* quotes approvingly from a Pennsylvania case which discussed the use of property at the time a rezoning ordinance is passed:

The use for which the property is adapted need not be in actual operation at the time of the adoption of the ordinance, if the attending circumstances connected with the property bear out the conclusion that the owner intended to use the property for that purpose. *Appeal of Haller Baking Co.,* 295 Pa. 257, 145 A. 77, 79 [1928].

Appellees offer *Royal Baking Co.* as authority for upholding the trial court's ruling, in that the case shows Oklahoma law does not require that the nonconforming use of the property be in existence at the time of the change in zoning. They contend at page 11 of their brief:

The Oklahoma rule set forth in *Royal Baking* supports Judge Harris's finding that the structure in question was and is a duplex and that such was determinative of the nonconforming use. Although Mr. Duncan may have not been "exercising" the use of the property as a duplex, it is clear that such a use "existed" on the date of the zoning. Therefore, Judge Harris's decision was not only factually correct, but also well grounded in the law.

To hold the *Royal Baking* case decides this case in Appellees' favor is to ignore an important portion of that case. The Pennsylvania Supreme Court, in *Haller Baking,* appears to place great emphasis upon the intent of the owner at the time of the rezoning:

Where a property is built for or adapted to a particular use, *the question of existing use is determined by ascertaining as near as possible the intention of the owner,* in connection with the fact of a discontinuance or apparent abandonment of use; it is not to be determined on the basis of actual or substantial use on the date of the adoption of the ordinance. (Emphasis added).

In *Royal Baking* the Oklahoma Court stated at page 1108:

At all events, we cannot say, *in view of the circumstances* that it is necessary for the public welfare, safety, or health of the neighborhood, that the strict letter of the law be enforced, when to do so will present a serious constitutional question. Laws should not be given a construction which will imperil their validity when reasonably open to a construction free from such peril. (Citations omitted) (Emphasis added).

Both *Royal Baking* and *Haller Baking*, the case upon which it relies, involved situations in which the owner of the properties wished to continue the same use of the property which existed before and after the passage of the rezoning ordinance. That is not the situation in the instant case. Duncan knew it was built as a duplex at the time he bought it. However, the evidence shows that he did not intend to use the property as a duplex, and in fact was not so using the property at the time of the rezoning. He had taken substantial steps to change the structure to a single family dwelling. The appearance of the structure, as noted by the trial court, is but one factor in determining the use of property.

If the property had been in use as a duplex on May 24, 1983, it could have continued to be used as a duplex, despite the rezoning to R–1. However, the evidence shows the property was intended for use as a single family dwelling, and was being used for that purpose. The nonconforming use of the property, as a duplex, had ceased. Under the *Royal Baking* case, it was error not to consider the intended use of the property owner at the time the property was rezoned. The injunction should have been issued. This case is remanded, and the trial court is instructed to enter judgment in favor of Appellant and to issue the injunction prayed for.

REVERSED AND REMANDED WITH INSTRUCTIONS.

HUNTER, V.C.J., and MacGUIGAN, J., concur.